UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDY BRETON, SR., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER ROLLIN COOK, WARDEN RODRIGUEZ, LIEUTENANT JOHN DOE, and CORRECTION OFFICERS JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, <br><br> Defendants. | No. 3:20-cv-247 (CSH) <br><br><br> OCTOBER 19, 2020 |

## INITIAL REVIEW ORDER

**HAIGHT, Senior District Judge**

Plaintiff Randy Breton, Sr., a sentenced inmate, brings this action *pro se* pursuant to 42 U.S.C. § 1983 ("Section 1983") based on the allegations of unreasonable strip search and sexual assault against Department of Correction ("DOC") officials Commissioner Cook, Warden Rodriguez, Lieutenant John Doe, and Correction Officers John Doe 1, John Doe 2, and John Doe 3, sued in their individual and official capacities. Breton seeks compensatory and punitive damages.

Pursuant to 28 U.S.C. § 1915A, the Court now reviews Breton's complaint to determine whether his Section 1983 claim may proceed.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint and dismiss

any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)-(2).

A complaint is adequately pled if its allegations, accepted as true and liberally construed, could "conceivably give rise to a viable claim." *See Green v. Martin*, 224 F. Supp. 3d 154, 160 (D. Conn. 2016) (citing *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005)). Although highly detailed allegations are not required, the complaint must state a claim that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)); *Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 94 (2d Cir. 2017). A complaint states a claim that is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If a plaintiff is proceeding *pro se*, his complaint "must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 Fed. Appx. 24, 26 (2d Cir. 2017); *see also Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, even when reviewing a *pro se* complaint, a court may not "invent factual allegations" that the plaintiff has not pleaded. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). A *pro se* complaint that contains "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," must be dismissed. *See id.*

## II. FACTUAL ALLEGATIONS

The factual allegations of Breton's complaint are recounted below.

On July 3, 2018, Breton was brought from a transport van to the medical examination room as an intake inmate at the Northern Correctional Institution in Somers, Connecticut.[1]  Doc. 1 ("Compl.") ¶¶ 1–2.  After Breton was examined by a nurse, Lieutenant Doe and Correction Officers Doe 1, Doe 2, and Doe 3 (collectively "the Doe Defendants") escorted him to a holding cell for a strip search.  *Id*. ¶¶ 2–3.  Before undressing Breton, the Doe Defendants restrained Breton, allegedly for security reasons.  *Id*. ¶ 3.  Correction Officers Doe 1 and Doe 2 pinned Breton's wrists against the cell wall.  *Id*. ¶ 4.  As the Doe Defendants started to dress Breton after the search, Correction Officer Doe 3 "sexually assaulted" him.  *Id*.  Doe 3, who was behind Breton, did not put Breton into his underwear boxers before dressing him into a jumpsuit.  *Id*. ¶¶ 4–5.  As Doe 3 pulled up the zipper of Breton's jumpsuit, he deliberately caught Breton's genitals, causing him pain and damage to that area.  *Id*. ¶¶ 5–6.  Breton now requires surgery for the injury he sustained during this incident.  *Id*. ¶10(A).

## III. DISCUSSION

A.   Nature of the Suit

Breton is suing Defendants for compensatory damages in their individual and official capacities.  Compl. at 1.  To the extent Breton seeks monetary damages against Defendants in their official capacities, his claims are barred by the Eleventh Amendment.  *See Minotti v. Lensink*, 798 F.2d 607, 609 (2d Cir. 1986) ("the eleventh amendment immunity protects state officials sued for

---

[1] Breton is currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut.

damages in their official capacity"). However, Breton may recover monetary damages against Defendants in their individual capacities, since the Eleventh Amendment does not bar such suits. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) (stating that state officers are not "absolutely immune from personal liability under section 1983 solely by the 'official' nature of their acts.").

The Court liberally construes Breton's allegations as raising claims under the Fourth Amendment and the Eighth Amendment.

B.     Fourth Amendment Claim

Breton's allegations suggest that the strip search conducted by the Doe Defendants violated the Fourth Amendment because it was designed to harass and punish him.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Inmates "retain a limited right of bodily privacy under the Fourth Amendment." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016).

To determine whether an isolated search infringed on an inmate's right of bodily privacy and was thus unreasonable, a court must consider four factors: "(1) the scope of the intrusion; (2) the manner in which it was conducted; (3) the justification for initiating it; and (4) the place in which it was conducted." *Id.* at 58 (citing *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

Generally, strip searches conducted prior to and after a transport have been upheld as reasonable as long as they are related to legitimate security interests. *See, e.g.*, *Smith v. City of New York*, No. 14 CIV. 5934 JCF, 2015 WL 3929621, at *3 (S.D.N.Y. June 17, 2015) (recognizing that searches conducted prior to transport away from the facility are "situations where the legitimate purpose of preventing the import or export of contraband is clear"); *Thompson v. City of*

4

*New York*, No. 16 Civ. 824 (PKC), 2017 WL 1929552, at *2 (S.D.N.Y. May 9, 2017) (detainee strip searches on the way to and from court appearances are not generally unreasonable, because such searches are justified by preventing contraband from coming into and out of jails).

However, a strip search is unreasonable "if it is unrelated to any legitimate penological goal or if it is designed to intimidate, harass, or punish." *Jean–Laurent v. Wilkerson,* 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006) (citations omitted) (concluding that the plaintiff sufficiently alleged that the strip search was unreasonable because "the verbal and physical abuse that allegedly accompanied the strip search support[ed] a finding that the search was designed to harass and intimidate).

Here, Breton has sufficiently alleged that the strip search conducted by the Doe Defendants was unreasonable because it was designed to harass and punish him. Although the Doe Defendants could reasonably seek to search Breton following his transport to the correctional facility, the complaint suggests that the strip search was not conducted in a reasonable manner. Rather, the Doe Defendants allegedly sought to harass and punish Breton by intentionally restraining him, pinning his wrists to the wall, and zipping his jumpsuit in a way that caused him physical injury. Such conduct was not reasonably related to any legitimate penological interest but was meant to harass Breton. Therefore, Breton has stated a claim against the Doe Defendants under the Fourth Amendment.

However, Breton has failed to state a claim against Commissioner Cook and Warden Rodriguez, as Breton has not alleged any facts suggesting that these Defendants were personally involved in violating his rights under the Fourth Amendment. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter*

5

*alia*, the defendant's personal involvement in the alleged constitutional deprivation." *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Breton does not allege that Cook and Rodriguez were present during the strip search, or that they were aware of the Doe Defendants' conduct. *See Colon v. Coughlin*, 58 F.3d 865, 873–74 (2d Cir. 1995) (finding that the plaintiff failed to plead the defendant's personal involvement because the plaintiff offered no facts suggesting that the defendant "either knew or should have known of the events of which [the plaintiff] complain[ed]"). Nor can Cook and Rodriguez be held personally liable for a constitutional violation committed by other defendants solely based on their "high position of authority in the prison system." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). For these reasons, Breton's Fourth Amendment claim against Defendants Cook and Rodriguez is dismissed.

    C.    <u>Eighth Amendment Claim</u>

Breton alleges that Defendants' conduct violated his rights under the Eighth Amendment because the Doe Defendants intentionally injured and sexually abused him during the strip search.

The Eighth Amendment protects prisoners from "unnecessary and wanton infliction of pain" as a form of punishment by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). Sexual abuse of an inmate by a prison officer "can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (internal quotation marks omitted).

To be actionable under the Eighth Amendment, the prison official's alleged conduct must be, "objectively, sufficiently serious," and "the prison official involved must have a sufficiently culpable state of mind." *Boddie*, 105 F.3d at 861 (citations and internal quotation marks omitted). To show that the prison official had the requisite state of mind, the plaintiff must allege that the defendants

acted with "more than mere negligence." *Farmer v. Brennan,* 511 U.S. 825, 835 (1994).

Breton has sufficiently alleged that the Doe Defendants intentionally inflicted physical injury on him during the strip search as a form of punishment. Breton alleges that Correction Officers Doe 1, Doe 2, and Lieutenant Doe restrained him while Correction Officer Doe 3 intentionally zipped Breton's jumpsuit in a way that inflicted injury to his genital area. Breton alleges that the sustained injury was sufficiently serious because he now requires surgery. Thus, for the purposes of this initial review, Breton has plausibly stated an Eighth Amendment claim against the Doe Defendants based on their conduct of restraining and intentionally physically injuring him during the strip search as punishment.

Breton, however, has failed to state a claim against Defendants Cook and Rodriguez because, as discussed *supra*, Breton has pled no facts showing that Cook and Rodriguez were personally involved in the strip search incident, or aware of the Doe Defendants' conduct. *See Grullon*, 720 F.3d at 138; *Colon*, 58 F.3d at 873–74. Therefore, Breton's Eighth Amendment claim against Cook and Rodriguez is dismissed.

While the Court finds that Breton's allegations regarding "sexual assault" allegedly committed by Defendant Doe 3 are conclusory even when liberally construed, Breton will be permitted to file an amended complaint restating his Eighth Amendment claim on that basis. *See Boddie*, 105 F.3d at 861. Breton's amended complaint must also identify the Doe Defendants, so that they can be properly served. As ordered *infra*, Breton must file such amended Complaint on or before December 18, 2020. Breton's failure to identify the Doe Defendants will result in the dismissal of all claims in this action.

7

## IV.  CONCLUSION

For the foregoing reasons, the Court enters the following orders:

(1)  Plaintiff's Eighth Amendment and Fourth Amendment claims shall proceed against Defendants Lieutenant John Doe, Correction Officer Doe 1, Correction Officer Doe 2, and Correction Officer Doe 3.

(2)  All claims against Defendants Commissioner Cook and Warden Rodriguez are DISMISSED for failure to state a claim.

(3) Because the Clerk cannot effect service on the Doe Defendants without those defendants' full names and current addresses, Plaintiff must obtain this information through discovery and file an Amended Complaint that identifies the Doe Defendants **on or before December 18, 2020.**  Plaintiff's failure to identify the Doe Defendants will result in the dismissal of all claims in this action.

(4) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(5) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court

rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f).

Therefore, discovery requests must be served on defendant's counsel by regular mail.

Dated:       October 19, 2020
             New Haven, Connecticut

                                         /s/ Charles S. Haight, Jr.

                                         CHARLES S. HAIGHT, JR.
                                         SENIOR UNITED STATES DISTRICT JUDGE